J. ROSENFIELD v. J. D. GILMORE AND ANOTHER.

1—It was not error for the court below to take up and dispose of a motion to dissolve an injunction, when the motion was reached on the motion docket, although the case was not called for trial.

2—When no injunction bond was filed before the issuance of the writ of injunction, it was not error to dissolve the injunction for want of a bond, though a bond was filed after the issuance of the writ.

APPEAL from Colorado.   Tried below before the Hon. J. B. McFarland.

This was a suit by the appellant to enjoin the appellees, who were the officers of the County Court, from proceeding to enforce, by execution, the judgments for costs, amounting to between fifty and sixty dollars, which had been rendered by the County Court against the appellant, without process or notice to him, as he alleged.

The petition states that at the instance of the sheriff, one of the officers interested in the judgment, he informed the county attorney of a theft which had been perpetrated upon him, and furnished the county attorney with all the information necessary to prosecute the cases to conviction, but that by the delay, negligence and blunders of that official and the other officers of the County Court, the proper steps were not taken to procure the attendance of the State's witnesses, and in their absence the parties charged demanded a trial, which resulted in the acquittal of one of them, and the dismissal of the other case by the county attorney.   That, on this result of the prosecutions, the County Court, pretending to act under the statute of 1866, "to organize the County Court," etc., rendered judgment against him for the costs, without giving him any notice whatever.

The other facts of the case are indicated in the opinion.

*J. A. & D. W. Harcourt,* for the appellant.—It was error to consider the motion to dissolve upon the motion filed 9th of October, 1868, because it does not appear that the plaintiff was served with any notice of the same, or that it was placed upon the motion docket and was regularly reached on calling the motion docket.   If it had been placed on the motion docket at the October term, it lost its force at that term, and could not go upon the motion docket at the March term without filing a new motion.   Hence the plaintiff was misled and taken by surprise.

In the case of Smith v. Ryan, 20 Tex., 665, it is held that a

motion to dissolve an injunction may be entertained at any time the cause is reached in calling the motion docket, or at the calling of the cause for trial. The converse of the proposition must follow that the motion can not be entertained at any other time.

It will be observed that the motion to dissolve, filed on the 9th of October, 1868, was in the nature of a general demurrer, relating to the merits of the case, and praying for the dismissal of the same. The action of the court was in direct conflict with Art. 1454, Paschal's Digest, which says: " All motions relating to a suit pending, which do not go to the merits of the case, may be disposed of at any time before the trial of the cause; but no motion in the nature of a general demurrer, or which relates to the merits of the case, shall be decided before the cause is called in regular order for trial."

In the case of Houston v. Berry, 3 Tex., 236, the court say that "if the motion had been to dismiss the petition, it would have been objectionable to have taken it up out of time."

We feel well fortified in our view of the law of this case by the opinion of Chief Justice Hemphill, in the case of Dickenson v. McDermott, 13 Tex., 248. In that case the judge had omitted to fix the amount of the bond, and the plaintiff had executed a bond in double the amount of the debt. The judge remarks that " the requisites of the law, so far as they depended on the action of the plaintiff, have been faithfully observed; and no omission on the part of the court, if susceptible of remedy, should be suffered to defeat his rights.

"The prime object of the bond is to secure the defendant from loss and damage. When that is done the end is attained, and the mere fixing the amount of the bond by the judge becomes an immaterial circumstance. * * He then holds that where there is a defective bond, a good one may be substituted. * * * That the judge might amend his order and direct a new bond to be made, curing omissions, and securing the defendant."

In the present case the plaintiff asked leave to amend the

bond, and to correct the mistakes made by the two clerks in the order of filing the papers. He did all that he could do to comply with the law, and was chargeable with no fault or negligence. Yet the injunction was dissolved at the close of the term, when he could not try the case upon the merits. As the defendants had moved for the dismissal of the case, he thought it best to consent to this, and appeal, rather than have an execution to issue. A final judgment was rendered against him for costs.

The second assignment of error is that the judgment of the court was contrary to law.

From the bill of exceptions signed by the judge it appears that the injunction was dissolved because there was no bond filed with the district clerk before he issued the writ. We think we have already shown that this was erroneous. From the final judgment that was rendered it appears that the judgment was based upon a full examination of the pleadings and papers filed in the cause.

We deem it proper to consider briefly the merits of the case as presented on the plaintiff's petition. He was condemned by the judgment of the County Court to pay the sum of $29 in one case, and $25 80 in the other, without notice and without a jury trial. This action of the county judge was based upon the 36th section of the act to organize the County Courts, and to define the powers and jurisdiction thereof, approved October 25, 1866.

We deny that the prosecutions mentioned in the petition could, in any just or legal sense, be pronounced frivolous, malicious, or without just cause.

We contend that it appears manifest upon the face of the record of those cases from the County Court, and the allegations of the plaintiff's petition, that it was by the negligence and misconduct of the officers of that court that a conviction was not had. But we contend further, that if it was intended by the Legislature to give to the county judge the power and temptation to save his costs by pronouncing in an *ex parte*

proceeding a summary judgment against the party making the complaint for all costs, then we insist that the law is nugatory and void, because in conflict with the 20th section of Art. 4 of the State Constitution of 1866, which declares that "in all cases of law or equity, where the matter in controversy shall be valued at or exceed twenty dollars, the right of trial by jury shall be preserved."

*George McCormick*, for the appellees.

WALKER, J.—There is no error in the action of the court below in taking up the motion to dissolve the injunction, when reached upon the call of the motion docket. (See Smith v. Ryan, 20 Tex., 665 ; Houston v. Berry, 3 Tex., 335.)

Nor was it error to dissolve an injunction when no bond had been filed with the district clerk before issuing the writ. (Pas. Dig., Art. 3933.) There may be very culpable negligence on the part of some of the parties concerned in directing a bond to be filed in an improper court, and then acting upon the hypothesis that no bond had been filed in the proper court; but we see no error upon the record to warrant us in reversing the judgment. The judgment is therefore affirmed.

Affirmed.