Smith v. Ryan.

JOSEPH F. SMITH v. JOHN RYAN AND OTHERS.

The want of jurisdiction, (of a Justice's Court, in an action of forcible entry and detainer,) would be as available defence in that Court as in any other; and if it failed, the appellant (defendant) had his remedy by certiorari; (and was therefore not entitled to an injunction. But it was held the Justice had jurisdiction.)

The action of forcible entry and detainer in a Justice's Court, is brought to recover the naked possession; is dependent upon the right of possession, and not upon the ultimate superiority of title;* and it is therefore no objection to the jurisdiction of the Justice's Court, nor ground for injunction, that the defendant claims to be the owner of the land, or that the land is worth more than one hundred dollars.

It is not erroneous to entertain a motion to dissolve an injunction pending a motion by plaintiff to continue for the purpose of obtaining testimony.

* Quere, whether it follows from this case, that the title cannot be considered, in determining the right of possession, in an action of forcible entry and detainer, or that the Justice has jurisdiction to try the right of possession by the titles, where the title will determine the right of possession.—REPS.

Appeal from San Patricio. Tried below before the Hon. Edmund J. Davis.

Smith first set out his claim of title, and possession by his tenant; then the institution of the action of forcible entry on the 10th day of February, 1857, in the name of Walter Henry, who is an alien, by one Patrick O'Docherty, who represented himself as the agent of said Walter Henry, against plaintiff's tenant; then the nature of said Henry's claim of title to the land, with plaintiff's objections to the validity thereof; that the law of forcible entry and detainer does not apply to the case; then the allegations of want of jurisdiction, &c., as stated in the Opinion; that the action of forcible entry had been continued by agreement of counsel, until the first Saturday in May, then next. One Patrick Henry was also included in the charge of combination. Prayer for injunction; for citation to Ryan, O'Docherty and Patrick Henry; for perpetuation of the injunction; for costs and for general relief. The petition was filed April 30th, 1857.

Writs of injunction and certiorari ordered by Hon. M. P. Norton. Bond filed, and injunction issued, &c. Answers of all the parties defendant, under oath, denying the charge of confederation to harass the plaintiff. Motion to dissolve the injunction, and dismiss the petition. Fall Term, 1857, motion by Smith for a continuance to procure testimony. Motion to continue overruled; injunction dissolved and bill dismissed.

*J. F. Smith*, for himself. I. The Justice's Court had no jurisdiction over the subject matter of dispute, because the land was shown to be worth fourteen thousand dollars, and the District Court had by the 10th Section of the 4th Article of the Constitution of the State, original and exclusive jurisdiction over the title or possession; for either is worth more than $100.

II. The plaintiff's title and possession of said land were adverse to that of Henry, and either was worth more than the jurisdiction of the Justice's Court could take cognizance of, unless it had been shown that some trust and confidence, about said land, had existed between the parties, or that plaintiff had been let in possession by Henry.

And if the Legislature meant, by the law of forcible entry and detainer, to give the Justice's Court jurisdiction of such a case of adverse title and possession, it would have a concurrent juris-

diction with the District Court, over land cases, involving thousands of dollars, and the jurisdiction of the District Court would not be original, but appellate; and, therefore, the law would be unconstitutional and void.

III. It was alleged in the petition of plaintiff, that Walter Henry, the plaintiff in the Justice's Court, was an alien, and could not sue, as plaintiff, for the recovery of title or possession of said land, and this was not denied in the answers of defendants, though they were charged in the bill with intentionally concealing his domicil. (2 Bibb. 69; 3 Id. 466; 3 Marsh. 6.)

(The other points made, referred to the objections to Henry's title.)

*Allen & Hale,* for appellee. I. The application for a continuance was rightly disregarded, in considering the motion to dissolve the injunction for want of equity, for if the allegations of the petition were not sufficient, no proof could make them stronger.

II. The application, in the petition for an injunction, is based solely upon the ground that the Justice of the Peace, by a fraudulent combination with the other defendants, is proceeding in a suit in which he has no jurisdiction. This charge of combination is expressly denied in the answers. The want of jurisdiction is assumed to be shown by the allegations that the value of the land is $14,000, and that the plaintiff in the Justice's Court is an alien. The alienage of the plaintiff could not affect the jurisdiction of the Justice's Court, whatever effect it might have on the plaintiff's right of property and action; and the value of the land, in an action of forcible entry and detainer, cannot affect the jurisdiction, because the action is not for the land but for the mere possession.

But if the Justice's Court had no jurisdiction, there was still no necessity of resorting to the District Court, in the first instance. Smith might have appeared for his tenant, in the Justice's Court, and pleaded in abatement to the jurisdiction, and the decision on that plea, if erroneous, could have been revised, on certiorari, by the District Court. This was the ordinary legal course, and afforded sufficient protection, without resorting to the extraordinary remedy of an injunction. (Story, Eq. Jur. § 838.) This Court has always held that the party who complains of the action of a Justice's Court, must show that he attempted to

resist such action and made his objections in the inferior Court. (O'Brien v. Dunn, 5 Tex. R. 570; Ford v. Williams, 6 Id. 311.)

III. The objections to the validity of the grants, under which it is said, Walter Henry claimed title to the land, even if these objections were sufficient, can have no connection with the present controversy. Henry may rely upon long possession, upon actual prior occupancy by tenants, upon the admissions or acknowledgments of Henderson or other proof, to sustain his action of forcible entry and detainer. The validity of the grants may not come in question at all. And in case the right of the plaintiff Henry, should be made, in the Justice's Court, to depend upon these grants, the objections to these grants may be made in that Court, and if overruled, the defendant, Henderson or his landlord Smith had his legal remedy. Indeed it is not easy to see what the title of the plaintiff in the action of forcible entry and detainer, or the validity of the grants in question, has to do with the trial of that action, or the right of the plaintiff to remove a tortious intrusion upon his possession. (Warren v. Kelly, 17 Tex. R. 544.)

ROBERTS, J. This is a proceeding by injunction, in the District Court, to restrain appellees from prosecuting a suit of "forcible entry and detainer," pending in a Justice's Court. The grounds upon which this remedy is sought are, 1st. That the land, the possession of which is in controversy, is of the value of fourteen thousand dollars, and the party, in whose right it is claimed in the Justice's Court, has no valid title to it. 2d. That Ryan, who is the Justice, and the other two appellees, who are the agents of Walter Henry, for whom the suit in the Justice's Court is prosecuted, are confederating and combining to dispossess the tenant of appellant, by the suit before the said Justice. 3d. Irreparable injury will be inflicted on the tenant's improvements and crop, the appellees being insolvent.

Upon motion of appellees, the injunction was dissolved for want of equity in the petition, which ruling of the Court was excepted to, and constitutes the principal question in the case.

The appellant, to entitle himself to the equitable interposition of the District Court, must have shown such facts to have existed, as prevented him from making his defence at law in the Justice's Court. (2 Story, Eq. Jur. Sec. 875.)

1st. The want of jurisdiction would be as available a defence

in that Court as in any other; and if it failed, the appellant had his remedy by certiorari, through his tenant in possession.

2d. The mere allegation that Ryan was combining to give the Justice's Court jurisdiction, merely indicates that he had entertained jurisdiction of the case by issuing process, preparatory to the trial of it. It is not shown that he refused to receive or entertain a plea to the jurisdiction, or in any way obstructed any legitimate defence to the action.

3d. Admitting the appellees to be insolvent, it does not follow that they are thereby prevented from pursuing, as agents of Walter Henry, a remedy prescribed by law, to obtain possession of the land, if it be true that he has the right to it as against appellant. Such a conclusion would shut the door of justice against those who happened to be poor, and therefore most need the protection of the law.

The injunction was therefore properly dissolved even upon the supposition that the petition showed that the Justice's Court had no jurisdiction of the case.

But the action being for the possession of the land, dependent upon the right of possession, and not upon the ultimate superiority of title, the value of the land being greater than one hundred dollars could not oust the Court of its jurisdiction to try the case. (Hart. Dig. Art. 1431.)

It is contended that the Court erred in determining the motion to dissolve the injunction for want of equity, before entertaining an application for continuance. An order dissolving an injunction is interlocutory, and a motion for such order may be entertained at any time the cause is reached in calling the motion docket, or at the calling of the cause for trial. (Hart. Dig. Art. 1604; Id. Art. 712.)

We think there is no error, and the judgment below is affirmed.

Judgment affirmed.