D. A. McAskill, District Attorney, Relator, v. Robert W. Terrell, District Judge, Respondent.

No. 4080.    Decided March 12, 1924.

(259 S. W., 914.).

1.—District Attorney—Power to Control Suit—Mandamus.

In a suit by the county to recover from the county attorney fees collected and not accounted for, begun and prosecuted by counsel employed therefor by the Commissioners Court, the district attorney was entitled, under article 366, Rev. Stats., to represent the county and control the prosecution of the suit; and to writ of mandamus from the Supreme Court requiring the district judge before whom the suit was pending to admit him to do so in case his motion therefor was denied. (Pp. 501-506).

2.—Same.

The issue involved being whether the county attorney was required, under the maximum fee bill, to account to the county for fees in tax suits and commissions on delinquent fees collected, it was immaterial, as concerned the application of the statute, that such fees were not collected by him, but by officers of the court for and paid to him, since, by whomsoever collected, he was charged with their safe keeping as public funds, if they were such as he was required to account for. Art. 366 is not limited in its application to officers enumerated in art. 1510; nor did the right of the district attorney under the statute depend on the merits of the controversy as to his duty to so account. (Pp. 505, 506).

Original application to the Supreme Court by McAskill, as district attorney, for writ of mandamus against Terrell, district judge, and others.

*D. A. McAskill,* relator, *in pro. per.*

If a judge of the District Court or other officer, by the construction placed upon the law, deprives a citizen of an unquestioned legal right under circumstances under which the citizen has no right of appeal, and therefore no other adequate remedy, then a court having power conferred upon it by law to issue a writ of mandamus has the right to review the judgment or decision of the trial court or officer upon such question. Terrell v. Greene, 31 S. W., 631, and cases there cited; Seagler v. Adams, 238 S. W., 707; Brite v. Atascosa County, 247 S. W., 878; Article 366 Revised Civil Statutes of Texas.

*Birkhead & Lang, Newton & Newton,* and *F. Stevens,* for respondents.

The officers in contemplation of Article 366 "entrusted with the collection or safe-keeping of any public funds" are those officers charged with the collection of such funds, the same being such officers

as are enumerated in Article 1510, and being the clerks of the courts, the sheriff, justices of the peace, constables and tax collectors.

Mr. Justice PIERSON delivered the opinion of the court.

In February, 1922, the County of Bexar, by order of its Commissioners' Court instituted suit against T. J. Newton, County Attorney of Bexar County, to recover certain sums of money alleged to belong to Bexar County, received by said Newton as County Attorney of Bexar County and not reported nor accounted for by him to said County.

The suit was filed in the District Court of the Seventy-third Judicial District, composed of Bexar County, Honorable Robert W. B. Terrell being the presiding judge of the said court.

Under a contract with the Commissioners' Court, the County is being represented and the suit prosecuted by Messrs. Birkhead & Lang, Attorneys.

In November, 1923, D. A. McAskill, the duly elected and qualified District Attorney of the Thirty-seventh District, filed a motion in said cause whereby he prayed the District Judge to recognize his right to prosecute and control the said suit as the District Attorney of said District under the authority of Article 366 Complete Statutes.

On the 26th day of November, 1923, Honorable Robert W. B. Terrell, Presiding Judge of said District Court, denied the said motion.

D. A. McAskill filed his petition in this Court, against Honorable Robert W. B. Terrell, District Judge, T. W. Newton, County Attorney, and Messrs. Birkhead & Lang, Attorneys, praying that a writ of mandamus issue commanding Honorable Robert W. B. Terrell, as such District Judge, to enter an order permitting relator, as District Attorney, to prosecute and control the said cause in behalf of Bexar County against T. J. Newton, County Attorney.

Article 366 reads as follows:

"When it shall come to the knowledge of any district or county attorney that any officer in his district or county, intrusted with the collection or safe keeping of any public funds, is in any manner whatsoever neglecting or abusing the trust confided in him, or is in any way failing to discharge his duties under the law, he shall institute such proceedings as are necessary to compel the performance of such duties by such officer, and to preserve and protect the public interests."

The basis of the action of respondent Honorable Robert W. B. Terrell in overruling relator's motion upon a hearing is disclosed in the agreed statement of facts attached to said respondent's answer herein, and is summed up in his announcement at the conclusion of the testimony as follows:

"THE COURT: I believe, gentlemen, that the motion in Mr. Newton's case ought to be overruled; in other words, hold that he does not come within this Article 366, requiring a district attorney to maintain a suit against him for these moneys.

"MR. McASKILL: That is, that when he collects from the sheriff or Constable, that it is a fee of office?

"THE COURT: That he is not one intrusted with the collection of any public fund; that it is money he has earned and they are making an accounting to him for his fees. In the Newton case we will make an order overruling the Horner motion and the McAskill motion.

"MR. McASKILL: We except.

"THE COURT: I think probably that all these other men do collect and retain public funds, and, therefore, the motion should be granted and Mr. McAskill should be allowed to come in on those cases.

"MR. S. G. NEWTON: We except to the ruling of the court.

"THE COURT: I might say that this court will have no hard feelings against any of you gentlemen if you should have this case tested as to the correctness of my ruling."

It appears from the statement of facts that in like manner suits had been brought against the District Clerk, the County Clerk, the Sheriff, and the Constable, to recover excess fees not accounted for to the county.

Respondent Judge Terrell held that these other parties came within the provision of Article 366, as they do collect and retain public funds, and for that reason relator, District Attorney, was entitled to prosecute and control cases against them.

The County Auditor testified:

"Any fees that the county attorney's office earns are collected by the different officers, such as the justice of the peace, the county clerk, and the county tax collector, and turned over to the county attorney, and at the end of the year after all expenses are paid he turns over to the county his excess fees. The county attorney personally does not collect any fees direct from the public."

Mr. Newton, the County Attorney, testified that he collected each month from the Sheriff, the County Tax Collector, and the Constables, moneys that were due him; that these fees were collected for him by these officers, and turned over to him; that every year he has an excess of fees collected above the maximum salary under the Fee Bill, and at the end of each year he pays said excess fees over to the County; that these moneys so collected by these other officers for him are fees of office and earned by his office; that these officers turn over to him fees that are earned by the office and collected in various matters that come up in their cases, and that he turns them over to the County, excepting fees collected in tax suits and commission on delinquent fees collected.

These last named fees are the fees in controversy in the suit of Bexar County v. T. J. Newton, County Attorney. The contention of the County in the case of Bexar County v. T. J. Newton, County At-

torney, is that all fees in tax suits and commissions on delinquent fees must be accounted for to the County and taken into consideration in estimating the County Attorney's maximum salary under the Fee Bill. The right and duty of D. A. McAskill, the District Attorney, to participate in and control the suit of Bexar County against T. J. Newton, County Attorney, does not depend upon the merits of the question at issue therein. Whether or not the fees in controversy should be accounted for under the Maximum Fee Bill, or whether there is any cause of action against said County Attorney, is the issue he desires to litigate in behalf of the County in that case. The only issue here is whether or not under Article 366 it is the duty and right of the District Attorney to participate in and control said suit.

Respondent denied relator's motion solely upon the ground that "he (the County Attorney) does not come within this Article 366," and that said officer is not an officer "intrusted with the collection or safe keeping of any public funds."

This ruling we think is clearly erroneous. It is true that the testimony adduced on the trial of the motion shows that in this case the County Attorney did not himself collect the fees of his office, but that the other officers collected them for him. At most, these officers merely did that for him. He at least received public funds, and was intrusted with the safe keeping and accounting of same to the County. The County's suit against him was to establish its contention that the fees in tax suits, and commission for collecting delinquent fees, were to be accounted for as a part of his maximum salary, and that three-fourths of the excess to which these fees contributed belongs to the county, and therefore was public funds.

The statutes contain many provisions requiring county attorneys to collect moneys for the State and County, and at certain times to pay same over to the State or County. They are so numerous that we refer only to the index to the Civil Statutes under the subject "County Attorneys."

For example: Article 7691 makes it the duty of the County Attorney to represent the State and County in suits against delinquent tax payers, and provides "that all sums collected shall be paid immediately to the county collector." Article 3889 provides that "all fees collected by officers named in Articles 3881 to 3886 * * * during any fiscal year in excess of the maximum amount allowed by law, and of the one-fourth of the excess of the maximum allowed for their services, and for the services of their deputies or assistants as herein provided for shall be paid into the county treasury of the county where the excess accrued."

If fees in suits to collect delinquent taxes are to be accounted for under the Maximum Fee Bill, then it would be impossible to make a distinction between these fees and any other fees, and to that extent at least the County Attorney would be charged with the collection and safe keeping of such public funds.

Article 366 is one of the Articles of Chapter 3, Title 13, Complete Statutes, which Chapter contains the general statutory provisions applicable to District and County Attorneys.

Article 359 of that Chapter provides that when property is sold under execution to satisfy a judgment in favor of a county, the attorney representing the county shall have authority to buy in and also to sell or otherwise dispose of such property.

Articles 357 and 358 make it the duty of the attorney representing the State to attend such execution sales, and to bid on and buy in property sold under execution to satisfy a judgment in behalf of the State, and by and with the consent of the Attorney General at any time to sell or otherwise dispose of said property so purchased, in the manner and upon such terms and conditions as he may deem most advantageous to the State.

In this connection, the following Articles of the Statutes are very significant:

"Art. 360.   Shall give receipt for money collected.—It shall be the duty of a district or county attorney, upon the collection of any money for the use of the state, or of any county, to deliver to the person paying the same a receipt therefor."

"Art. 361.   Shall report collections for state, etc.—Each district or county attorney shall, on or before the last day of August of each year, file in the office of the comptroller of public accounts an account in writing verified by the affidavit of such attorney, of all money *received by him, by virtue of his office,* during the preceding year, payable into the state treasury." (Italics ours).

"Art. 362.   Shall report collections for county.—Such attorney shall also, on or before the last day of August of each year, file with the county treasurer of each county for which money has been collected by him, an account in writing, verified by his affidavit, of all moneys *received by him, by virtue of his office,* during the preceding year, payable into the treasury of such county." (Italics ours).

"Art. 363.   Shall pay over money collected in thirty days.—Whenever a district or county attorney has collected money for the state, or for any county, he shall within thirty days after receiving the same, pay it into the treasury of the state, or of the county to which it belongs, after deducting therefrom and retaining the commissions allowed him thereon by law.   Such district or county attorney shall be entitled to ten per cent commissions on the first thousand dollars collected by him in any one case for the state or county from any individual or company, and five per cent on all sums over one thousand dollars, to be retained out of the money when collected, and he shall also be entitled to retain the same commissions on all collections made for the state or for any county; provided, that ten per cent shall be allowed on all such sums heretofore collected since the adoption of the Revised Statutes.   This article shall also apply to money realized for the state under the escheat law."

We here again quote Article 366 with the important words emphasized in italics, as follows: "When it shall come to the knowledge of any district or county attorney that *any officer* in his district or county, *intrusted* with the *collection* or *safe keeping* or *any public funds,* is in *any manner whatsoever* neglecting or abusing the trust confided in him, or is in *any way* failing to discharge his duties under the law, he shall institute such proceedings as are necessary to compel the performance of such duties by such officer, and to preserve and protect the public interests."

There being many provisions of the law intrusting the County Attorney with the collection of public funds belonging both to the State and to the County, and requiring an accounting thereof to the State or to the County, *including fees of office,* we think there can be no doubt that the County Attorney, concerning "money received by him by virtue of his office," comes clearly under the provisions of Article 366, wherein it provides that "any officer   *   *   *   intrusted with the collection or safe keeping of any public funds, is in any manner whatsoever neglecting," etc. The wide and general scope of these words certainly was not restricted and confined to the officers named in Article 1510, wherein the duty is imposed upon the County Treasurer "to examine the accounts, dockets, and records of the clerks, justices of the peace, constables and tax collector of his county, for the purpose of ascertaining whether any moneys of right belonging to his county are in their hands which have not been accounted for and paid over according to law, and shall report the same to the commissioners' court at their next term, to the end that suit may be instituted for the recovery thereof."

To be sure, the duties imposed upon the County and District Attorneys in Article 366 apply to the officers named in Article 1510, but the language is broad enough and so emphatic as to bar the interpretation that they are limited to those officers. There is nothing in the Statutes to indicate such restriction. On the other hand, Article 362, quoted above, requires the County Attorney to file with the County Treasurer an account in writing, verified by his affidavit, of all moneys received by him *"by virtue of his office"* which are payable into the treasury of the county.

In his answer in this Court to relator's petition for mandamus, respondent The Honorable Robert W. B. Terrell alleges that at the time relator filed his motion to be permitted to prosecute and control the suit of Bexar County v. T. J. Newton, County Attorney, the suit had been pending for eighteen months, and that, though cognizant of the facts upon which the suit was based prior to the institution of the suit, relator had taken no step to perform his duty in regard to said case until the case was reached for trial upon the docket of the court.

It appears from the court's ruling upon relator's motion that this fact did not enter into the denial of relator's motion, but that same was based wholly upon the issue that the County Attorney was not

included in Article 366. In fact, respondent Judge Terrell granted relator's motion to prosecute and control the cases against the other officers based upon the fact that they do collect and retain public funds, Furthermore, from said respondent's answer it appears that there was no delay to the case, as it was continued to make the bondsmen of the County Attorney parties defendant to the suit.

The other defenses raised by respondent Judge Terrell are all thoroughly discussed and clearly ruled upon in that very thorough opinion by this Court in the case of Terrell v. Green, 88 Texas, 539, and a discussion of them here is wholly unnecessary.

The case was first submitted upon oral and written argument in this Court January 30, 1924. That submission was set aside and the case set for March 5th, in order that service might be had on respondents T. J. Newton, County Attorney, and Messrs. Birkhead & Lang, Attorneys.

In their answer filed February 28, 1924, respondents Birkhead & Lang say that they do not oppose relator's entering into said cause as an attorney to assist in its prosecution, but that they do oppose his having control thereof.

The statute itself vests relator, as District Attorney, with this right, and the duties imposed upon him by the statute could not be properly exercised without this authority. This authority is recognized in Terrell v. Greene, 88 Texas, 539, and Adams et al. v. Seagler et al., 112 Texas, 583, 250 S. W., 413.

The answer of respondent T. J. Newton, filed March 5th, alleged practically the same defenses formerly pleaded by respondent The Honorable Robert W. B. Terrell.

The fact that the suit was brought by the Commissioners' Court against the County Attorney at his request, could in no way affect relator's duty or right under Article 366 to prosecute it.

The County Attorney, being the party against whom the suit is aimed, could not in any manner act *officially* for the county, either in initiating the case or in prosecuting it. There could be no conflict of authority between the County Attorney and District Attorney in this case.

On March 7th there was filed with the papers of the case a certified copy of an order made by respondent The Honorable Robert W. B. Terrell, District Judge, which order had been entered in the minutes of his court, by the terms of which he set aside his former order denying relator's motion to be permitted to appear in and control the case in behalf of Bexar County, and in all things sustained relator's said motion.

It follows that the relator established his right to the writ of mandamus, but its issuance has become unnecessary because of the last order of the District Judge.

It is therefore ordered that the writ of mandamus do not issue, but that relator recover of respondents all cost in this behalf expended.