## HIDALGO COUNTY et al. v. JOHNSTONE et al.

### No. 1974.

Court of Civil Appeals of Texas. Eastland.

Jan. 26, 1940.

Rehearing Denied Feb. 23, 1940.

826

Robert E. Kirkpatrick, of Mercedes, and
A. J. Ross, Jr., of Edinburg, for appellants.

Cameron & Hardin and Fred W. Hofstetter, all of Edinburg, for appellees.

FUNDERBURK, Justice.

Mrs. Lillie M. Johnstone "joined pro forma" by her husband, T. P. Johnstone, brought this suit against Hidalgo County and officials of said county in their capacity as such, seeking to enjoin the defendants from laying out, opening or establishing a county public road over and across a 16 acre tract of land owned by Mrs. Johnstone. The defendants sought to justify the action of the Commissioners' Court and of the County Judge and Commissioners on the ground that all preliminary steps necessary to authorize such action had been lawfully taken.

Plaintiffs' pleadings, among other things, alleged that the order of the Commissioners' Court purporting to approve the findings of the report of the Jury of View "is illegal, if not entirely void, in that it orders a road to be laid out which is a different road than the one recommended in the said report of the Jury of View."

Plaintiffs further alleged: "The acts of the defendants herein in attempting to open and establish the said road as described in the report of said Jury of View and/or the said road described in the said order of the Commissioners' Court purporting to approve the report of said Jury of View constitutes a gross abuse of discretion on the part of the defendants in that no public necessity exists for the establishment of either of such roads, but on the contrary the said road is sought to be established for the use, benefit and convenience of only a small number of private individuals and the said acts of such defendants, therefore, constitute a legal fraud upon the plaintiffs. Said road is not in fact sought to be established by virtue of any public necessity, but only in order to satisfy the desires of a few such individuals." By a trial amendment plaintiff added allegations presenting the contention that "no necessity, public, private or otherwise, exists for opening the road" because there existed a road lying south of the block across the north end of which the new road was proposed to be opened, which the defendants had permitted to be closed for a number of years.

In a jury trial only one issue was submitted. The verdict thereon purported to find "from a clear preponderance of the evidence" that "no public necessity exists, under the conditions shown by the evidence, for a road to be laid out and opened connecting the east end of the road referred to in the evidence as the McAllen Road or Alamo Road with the south Val Verde Road."

Before submission of said issue, the court overruled a motion of defendants for an instructed verdict for them, and after return of said verdict overruled defendants' motion for judgment notwithstanding the verdict. Sustaining motion of the plaintiffs for judgment in their favor upon the verdict, the court rendered such judgment, from which the defendants have appealed.

Plaintiffs' petition alleged that Mrs. Lillie M. Johnstone was the fee simple owner of the property in her own separate right and that she was served with a notice set out in said pleading, which appears to be sufficient and as to the sufficiency of which no complaint is made, except that such notice was not served upon her husband, T. P. Johnstone, who is living with her upon said land as their homestead. It is contended by appellees that condemnation of the land was void because of lack of notice to the husband of the owner. Upon this point neither party has cited us to

any authority which can be considered of any material aid, nor have we found any. The question here is relevant only as involving the further question of jurisdiction of the Commissioners' Court to condemn and assess damages. It is our view that notice to the wife as owner was sufficient to confer jurisdiction within the requirement of R.S.1925, Art. 6709, providing that notice be given the owner.

■ The allegation of plaintiffs' petition to the effect that the Commissioners' Court ordered a different road laid out from that reported by the Jury of View, regardless of other questions of the sufficiency of the pleading, perhaps relieves it from the criticism that it is subject to a general demurrer. There was, however, no evidence to support such allegation. Nothing in the record indicates that the judgment was in any degree rested upon that ground.

Plaintiffs' pleadings were insufficient, we think, to allege a cause of action for injunction based upon the alleged fact that there was no public necessity for the road. True, the pleadings alleged "a gross abuse of discretion on the part of the defendants" and also that "said acts of such defendants, therefore, constituted a legal fraud upon the plaintiffs." But such allegations, if not mere legal conclusions and insufficient upon that ground alone, were nevertheless limited by the more specific allegations to the effect that such abuse of discretion and/or legal fraud consisted of the alleged facts that "no public necessity exists for the establishment of either of such roads, but, on the contrary, the said road is sought to be established for the use, benefit and convenience of only a small number of private individuals * * * said road is not in fact sought to be established by virtue of any public necessity, but only to satisfy the desires of a few such individuals." The more specific allegations which, of course, control the more general are insufficient we think, as a matter of law, to state the essential elements of a cause of action for injunction. If it should be granted there was no public necessity for the road, that alone would not warrant the conclusion as one of law that the Commissioners' Court was guilty of fraud or its legal equivalent—an abuse of discretion. So, also allegation that the road was sought to be established for the use, benefit and convenience of only a small number of private individuals, if true, is not the legal equivalent, either that there was no public necessity for the road or that any of the defendants were guilty of fraud or abuse of discretion in determining the question of necessity to the contrary. Public roads are for private individuals, as well as others, and the fact that the road was being established for the use, benefit and convenience of only a small number of private individuals was not the legal equivalent of the fact that the road was not to be a public road. Thus it appears that the only facts alleged, only one of which was submitted as an issue to the jury, were at most merely evidentiary facts, which, standing alone, were entirely without probative effect on the essential issue of fraud or abuse of discretion.

■ The questions considered and decided in Bradford v. Moseley, Tex.Com. App., 223 S.W. 171, reversing Moseley v. Bradford, Tex.Civ.App., 190 S.W. 824 (the latter apparently chiefly relied upon by appellees), are deemed conclusive of the questions presented upon this appeal, unless possibly it be a question of the meaning of the term "abuse of discretion." The use of said term is itself much abused. In this State, however, the better view of judicial authority seems to us to be in line with the declaration of Judge Boyce that "In cases of this kind, the discretionary power conferred upon the commissioners' court can only be interfered with by injunction where the proposed action is fraudulent." Grayson County v. Harrell, Tex.Civ.App., 202 S.W. 160, 163; L. Waterbury & Co. v. City of Laredo, 60 Tex. 519, 523; Johnson v. Holland, 17 Tex.Civ.App. 210, 43 S.W. 71; Heathman v. Singletary, Tex.Com.App., 12 S.W.2d 150 (Good faith the test); Davidson v. Wells, Tex.Civ.App., 233 S.W. 518; Board of Road Com'rs v. Johnson, Tex.Civ.App., 231 S.W. 859. Based upon decisions, including Grayson v. Harrell, supra, Corpus Juris Secundum deduces the following: "As the term is ordinarily used, it has been said to imply not merely an error in judgment, but perversity of will, passion, or moral delinquency." 1 C.J.S., Abuse, page 402; Bobbitt v. Gordon, Tex.Civ.App., 108 S.W.2d 234, 238. The fact if determined by an independent judicial proceeding that there was no necessity for a public road would, we think, as a matter of law, not necessarily be inconsistent with entire good faith on the part of the Commissioners' Court in determining the same question to the contrary.

But, if the pleadings were sufficient to present also this issue, then we think evidence in essential particulars was wholly lacking to prove it, or raise an issue of the fact.

It is, therefore, our conclusion that the judgment should be reversed and judgment here rendered for the appellants to the effect that appellees take nothing by their suit, and that the defendants go hence. It is so ordered.