## ELLA C. STORY V. ISAAC B. STORY ET AL.

No. 8182. Decided January 5, 1944.
Rehearing overruled February 2, 1944.
(176 S. W., 2d Series, 925.)

*Ross M. Scott* and *E. P. Bryan,* both of Dallas, for petitioner.

*Biggers, Baker & Lloyd,* of Dallas, for respondents.

MR. JUDGE SLATTON, of the Commission of Appeals, delivered the opinion for the Court.

This action was filed in the district court of Dallas County to recover damages and to enjoin the petitioner, Ella C. Story, as follows:

"From making any sort of claims * * * against the named plaintiffs and the estate of Shelton A. Story, deceased, and from molesting, harassing and interferring with the handling of said estate and from employing any counsel, etc., of any kind to file or prosecute a claim * * * against said estate and from coming about any property belonging to said estate."

The trial court, after hearing, granted a temporary injunction in accordance with the relief sought. Ella C. Story appealed to the Court of Civil Appeals at Dallas. That court, by a majority opinion, the chief justice dissenting, modified the injunction, "by mandatorily requiring appellant (Ella C. Story) to vacate and restore the premises in Glen Rose to the administrator and pending final disposition of the case to desist from intruding onto any other property belonging to the estate or from taking possession of same and to refrain from interfering with the possession and management of said properties by the administrator."

It is our opinion that the temporary injunction was improperly granted. According to the sworn averments of the trial

pleadings, the right of possession of the Glen Rose property is in issue in a suit brought by the administrator of the estate of Shelton A. Story, deceased, against petitioner, in the justice court of Sommervell County, and that the administrator of the estate of Shelton A. Story, deceased, had procured an order from the probate court of Dallas County requiring the petitioner to vacate the Glen Rose property, which order had been appealed by the petitioner herein. The pleadings further show that the estate of Shelton A. Story is in the process of administration in the probate court.

■ The temporary injunction granted by the trial court will in effect prevent the petitioner from appealing the probate court order and from defending the forcible entry and detainer action. It therefore affirmatively appears that the present action is one in equity to restrain the petitioner from defending actions at law instituted by the administrator of the estate of Shelton A. Story, deceased, against the petitioner herein.

■ The rule is generally recognized in this state that the extraordinary writ of injunction will not be granted where there is a plain and adequate remedy at law. Hill et ux v. Brown, (Com. App.) 237 S. W. 252. This general rule is not rigidly enforced in this state. Nagy v. Bennett, 24 S. W. (2d) 778 (writ refused). Many cases recognize the rule that the relief at law must be "plain and adequate," or "as practical and efficient to the ends of justice and its prompt administration" as the equitable remedy of injunction. Sumner v. Crawford, 91 Texas 129, 41 S. W. 994; Brazos River Conservation District v. Allen, 141 Texas 208, 171 S. W. (2d) 847.

The action of forcible entry and detainer is statutory and well defined. It provides an efficient and speedy remedy at law which has for its purpose the determination of the right of possession of real property, (House v. Reavis, 89 Texas 626, 35 S. W. 1063), without the necessity of an action on the title. Clark v. Snow, 24 Texas 242.

It has been held that want of jurisdiction in a justice court to try an action in forcible entry and detainer would not be a ground for an injunction to restrain the plaintiff from proceeding in the case because it would be a good defense to the action. Smith v. Ryan, 20 Texas 661. Similarily, it has veen decided that an injunction will not lie to restrain the prosecution of an action of forcible entry and detainer on the ground that the plaintiff had never been in possession and had not the right of possession. Chadoin v. Magee, 20 Texas 476, 477.

Neither do the facts in the pleadings and proof justify the direct court in restraining the petitioner by injunction from making claims against the estate of Shelton A. Story, deceased, which is now pending in the probate court of Dallas County. Whether her claims to that estate are in virtue of her relationship to the deceased as surviving wife or those otherwise classified does not definitely appear. However, in either case the probate court has jurisdiction to determine those questions. See 13 T. J. p. 792, secs. 212 et seq., and 14 T. J., p. 24, secs. 278 et seq. If the petitioner has received the statutory allowances accorded to a surviving wife of a deceased, or has executed a release or acquittance of all of her right, title and interest in and to the estate of Shelton A. Story, deceased, as the respondents contend, no reason is perceived why the respondents cannot show such facts in defense of petitioner's claims in the probate court of Dallas County. Therefore, we hold in this case that respondents cannot invoke the equitable powers of the district court to restrain and intefere with pending legal actions, viz., forcible entry and detainer in the justice court and proceedings in the probate court, which have been instituted by them or their representatives without showing special circumstances whereby they will probably suffer irreparable injury if injunctive relief is denied to them. No such showing is made in the record before us. Bexar County v. Stewart, 41 S. W. (2d) 85 (writ refusel) ; see also New Amsterdam Casualty Co. v. Harrington, 297 S. W. 307; Coker v. Logan, 101 S. W. (2d) 284, (writ refused) and authorities cited, supra.

■ Neither can we properly sustain the temporary injunction as modified by the majority of the Court of Civil Appeals. It is the office of a temporary injunction to maintain the status quo pending the determination of the controversy between the parties.

In the case of Houston Funeral Home et al v. Boe et al, 78 S. W. (2d) 1091, the following was quoted as the substance of the holding made in Chaison Town-site Co. v. McFaddin, Wiess & Kyle L. Co., 56 Texas Civ. App., 611, 121 S. W. 716:

"An injunction is not a remedy which can be used for the purpose of recovering title or right of possession of property, and it is not the function of a preliminary injunction to transfer the possession of land from one person to another pending and adjudication of title, except in cases in which the possession of another has been forcibly or fraudulently obtained by the defendants, and the equities are such as to require that the previous possession thus wrongfully invaded be restored, and

the original status of the property be preserved pending the decision of the issue of title."

It is clear to us that to require the petitioner to vacate the Glen Rose property and desist from asserting her rights in and to the estate of Shelton A. Story as required by the injunction which was issued by the Court of Civil Appeals is not maintaining the status quo pending the determination of the controverysy, but rather is a decision of the entire controversy between the parties to said property. See the authorities cited in Houston Funeral Home et al v. Roe et al, 78 S. W. (2d) 1091.

The conclusions above expressed render it unnecessary to decide other questions presented by this appeal. The interlocutory order of the district court granting the temporary injunction, which was modified and affirmed by the Court of Civil Appeals, is reversed, and the temporary injunction dissolved.

Opinion adopted by the Supreme Court January 5, 1944..

Rehearing overruled February 2, 1944.