John B. SHEPPERD, Attorney General of Texas, et al., Appellants,

v.

George B. PARR et al., Appellees.

No. 3347.

Court of Civil Appeals of Texas.

Waco.

Feb. 16, 1956.

Rehearing Denied March 1, 1956.

John Ben Shepperd, Atty. Gen. of Texas, Sidney P. Chandler, Asst. Atty. Gen., Sam H. Burris, Dist. Atty., 79th Dist., Alice, for appellant.

John J. Pichinson and Dean B. Kirkham, Corpus Christi, for appellee Thelma D. Parr.

Looney, Clark & Moorhead, Thos. E. James, Austin, and Luther E. Jones, Jr., Corpus Christi, for appellee George B. Parr.

McDONALD, Chief Justice.

This is an appeal from a temporary injunction entered by the District Court of Webb County, enjoining John Ben Shepperd, Sidney P. Chandler, Sam H. Burris, Victor Leal and their assistants from further maintaining or prosecuting Cause 4110, styled Victor Leal, Ex Rel Duval County, v. George B. Parr, et al, in the District Court of LaSalle County, and Cause 10295, styled Sam H. Burris, Ex Rel Duval County, v. George B. Parr, et al, in the District Court of Jim Wells County. Shepperd is Attorney General of Texas, Chandler is an Assistant Attorney General, Burris is District Attorney of the 79th Judicial District, which district includes Duval County, and Leal is County Treasurer of Duval County. The temporary injunction was granted at the instance of George B. Parr and Mrs. Parr, who are defendants in the Webb County case, as well as in the LaSalle and Jim Wells County cases.

A statement is necessary. On 30 June 1955 Shepperd, Chandler and Burris, purporting to act for Victor Leal, County Treasurer of Duval County, and in behalf of Duval County, filed suit in LaSalle County against Parr and wife to collect approximately $500,000 which they alleged Parr unlawfully appropriated from the funds of Duval County. On 2 July 1955 Shepperd, Chandler and Burris, purporting to act for Duval County, filed suit in Jim Wells County against Parr and wife to collect approximately $180,000 which they alleged Parr unlawfully appropriated from the funds of Duval County. On 15 August 1955 attorneys Klein and Gibson, under a contract of employment with the Commis-

sioners Court of Duval County, filed suit in Webb County on behalf of Duval County against Parr and wife seeking recovery of the same $500,000 involved in the LaSalle County suit and for the same $180,000 involved in the Jim Wells County suit.

On 15 September 1955, the Parrs filed a motion in the Webb County case, asserting that the suits brought on behalf of Duval County against them in LaSalle and Jim Wells Counties involve the same parties and subject matter as the suit filed against them in Webb County. They further asserted that the filing of the suits in LaSalle and Jim Wells Counties was not authorized by the proper officials of Duval County at the time that they were filed; and that such suits were not *"properly authorized"* by the proper officials of Duval County until 6 September 1955 and 29 August 1955, both dates being after and subsequent to 15 August 1955, the date on which the Webb County case was filed; and for such reason they contend that the District Court of Webb County has "prior active jurisdiction" of the controversy; and prayed for a temporary injunction against Shepperd, Chandler, Burris, Leal and their assistants, enjoining them from further maintaining or prosecuting the LaSalle and Jim Wells County cases pending final hearing and determination of the Webb County case on its merits.

On 21 October 1955, the District Court of Webb County, after hearing, held that it had *"prior active jurisdiction over the controversies"*, and granted the Parrs' motion and issued the temporary injunction prayed for.

Shepperd, Chandler and Burris as appellants, appeal, seeking a reversal of the order granting the temporary injunction against them and rendition of judgment dissolving the temporary injunction appealed from.

The question presented for determination is, under the facts stated, did the District Court of Webb County have jurisdiction to enjoin the appellants from proceeding in the Jim Wells and LaSalle County cases?

The LaSalle County case was filed on 30 June 1955; the Jim Wells County case was filed on 2 July 1955; the Webb County case was filed subsequently to the above on 15 August 1955. The parties are the same in all three cases, and the aggregate of the matters in controversy in the LaSalle and Jim Wells County cases is the same as the matters in controversy in Webb County.

The Parrs contend that the proper officials of Duval County did not *authorize* the filing of the LaSalle and Jim Wells County cases at the time such were filed; that Shepperd, Chandler and Burris, at the time they filed the LaSalle and Jim Wells County suits on behalf of Duval County, were *"plain unauthorized interlopers"*; and that later authorization for such suits by the proper officials of Duval County on 6 September 1955 and 29 August 1955 (subsequent to the filing of the Webb County case) could not breathe life into these cases, retroactive to the time of their original filing. The Parrs say that because of the foregoing, the District Court of Webb County had *"prior active jurisdiction"* of the controversy, and therefore had authority to issue the temporary injunction restraining appellants from proceeding in the LaSalle and Jim Wells County cases.

The case of Cleveland v. Ward, 116 Tex. 1, 285 S.W. 1063, controls this case. That case holds:

1) Jurisdiction of a court attaches upon the filing of a suit in that court.

2) Once jurisdiction attaches, the court has the power to permit the pleadings to be amended and amplified, and to permit new parties to be made if they are necessary or proper parties to the suit.

3) The case, after amended pleadings have been filed and new parties made, stands in the court insofar as jurisdictional questions are concerned, precisely upon the same basis as if the original pleading filed had embraced fully the declarations of the last amendment, and had made all who are

subsequently made parties to the suit, parties in the first instance.

4) The court which first acquires jurisdiction has jurisdiction to dispose of all of the subject matter of the litigation between the parties, and its jurisdiction cannot be taken away or arrested by subsequent proceedings in another court.

■ Applying the foregoing rules to the case at bar, we have suits filed in LaSalle and Jim Wells Counties more than six weeks before the filing of the case in Webb County. The District Courts of LaSalle and Jim Wells Counties acquired jurisdiction of the suits regardless of the insufficiency of the petitions. When those courts permitted new pleadings and parties to be added in those cases the pleadings and parties in the cases stand as if they all had been in the cases at the time the suits were filed. The District Courts of LaSalle and Jim Wells Counties having prior jurisdiction, the District Court of Webb County was without authority to enjoin appellants from proceeding with or maintaining the LaSalle and Jim Wells County suits.

The fallacy in the Parrs' contentions and reasoning appears to us to be in the erroneous premise that because the *"Parrs"* *"swear"* that the appellants had no authority to act for Duval County in the LaSalle and Jim Wells County cases, that such is sufficient for the *District Court of Webb County* to find and hold that it has *"prior active jurisdiction"* of the controversy, and is thereby authorized to enjoin appellants from proceeding in the LaSalle and Jim Wells County cases.

■ The determination of whether appellants had proper authority in the first instance to file the LaSalle and Jim Wells County cases on behalf of Duval County—and if they did not have authority in the first instance, whether they have such at this time, whether amendments to pleadings and new parties made confer jurisdiction, as well as all other matters affecting the jurisdiction of the LaSalle and Jim Wells County cases, is reposed in the courts of LaSalle and Jim Wells Counties. The presumption prevails that those courts will act properly and decide these issues correctly. If they should not do so the remedy is in appeal to the Court of Civil Appeals.

■ A party is not entitled to injunctive relief when he has an adequate remedy at law. Smith v. Ryan, 20 Tex. 661; Story v. Story, 142 Tex. 212, 176 S.W.2d 925; Wheelis v. Wheelis, Tex.Civ.App., 226 S.W.2d 224.

The Wheelis v. Wheelis case, supra, is almost identical with the case at bar, and directly supports the conclusions herein reached.

From the foregoing it follows that we hold that the District Courts of LaSalle and Jim Wells Counties, the courts in which suits were first filed, have jurisdiction of the parties and subject matter; that appellants are entitled to proceed in those courts, and that the District Court of Webb County erred in enjoining appellants from proceeding in those cases.

We therefore reverse the judgment of the Trial Court wherein he ordered issuance of the temporary writ of injunction and dissolve the writ so issued.

Reversed and temporary injunction dissolved.