Estella G. GARCIA et al., Appellants,

v.

The STATE of Texas et al., Appellees.

No. 12976.

Court of Civil Appeals of Texas.

San Antonio.

April 4, 1956.

Rehearing Denied May 9, 1956.

Gordon Gibson, J. G. Hornberger, Laredo, for appellants.

John Ben Shepperd, Sidney P. Chandler, Austin, Sam H. Burris, Alice, for appellees.

POPE, Justice.

This is an appeal from a temporary injunction issued by the District Court of

Duval County, which restrains Gordon Gibson, an attorney, and three county commissioners from enforcing any part of a contract between Gibson and Duval County; enjoins the prosecution of a suit on behalf of Duval County in the District Court of Webb County, and restrains them from interfering with similar suits previously filed in LaSalle and Jim Wells Counties by the District Attorney and others. The suit is primarily a dispute whether Gordon Gibson is the proper attorney to prosecute a suit on behalf of Duval County against George Parr, or whether the District Attorney and Attorney-General of Texas have control of the litigation. The suit seeks to cancel the contract between Gibson, as attorney, and Duval County. The plaintiffs, in whose favor the trial court granted the injunction, are, Sam Burris for the State of Texas and County of Duval, the County Judge, one County Commissioner, the County Treasurer, the County Auditor and two taxpayers.

When this injunction suit was filed in Duval County, there were three suits pending against George Parr for the recovery of funds which Duval County asserts were taken from the Road Bond Fund of 1941. The first suit was filed on June 30, 1955, in LaSalle County, without authority of the Commissioners' Court, but in the name of the County Treasurer. It was amended by making the County Treasurer a defendant and the suit was then standing with The State of Texas and Duval County, through the District-Attorney, as plaintiffs. The suit was for recovery of the funds and a ranch claimed to have been purchased with the funds.

A second suit was filed during July of 1955 in Jim Wells County against Parr for the recovery of additional funds, also claimed to have been used from the Road Bond Fund. From the record, we have difficulty in determining the parties plaintiff, parties defendant, and the nature of the suit. The decree of the court, however, recites that it is brought by the "State's Attorneys."

After those suits were filed, Hon. Sam Burris, as District Attorney for Duval County, appeared before the Duval County Commissioners' Court and asked the County to join him in the suits. The Commissioners' Court at that time decided to employ a person removed from the politics of Duval County to conduct an investigation, and unanimously agreed to employ Arthur Klein. On August 1st, Klein made a full written report with recommendations to the Commissioners' Court. The report is in evidence. On August 11th, by unanimous vote, the Commissioners' Court employed Klein, by written contract, to enforce the County's claim against Parr and others. Klein filed suit against Parr in Webb County for recovery of funds taken from the Road Bond Fund of 1941, and to enforce liens against the Parr Ranch located in Webb and LaSalle Counties. The contract between Klein and Duval County authorized him to employ other counsel to aid him. He employed Gordon Gibson. A controversy arose between Klein, on the one hand, and Burris and the Attorney-General, on the other, with reference to control over the suits against Parr. Klein, on August 24th, by reason of the controversy, withdrew as counsel and Gibson, by letter, disavowed any further claims to the litigation or under the contract. On August 25th, a majority of the Commissioners' Court, after notifying the other members of the court, met and employed Gibson under the same terms previously stated in the Klein contract.

The present suit, the fourth in the series, was then filed in Duval County, to cancel the contract and to enjoin Gibson and the majority of the Commissioners' Court from proceeding under the contract, and from interfering with the prior pending suits. See Davis v. Wildenthal, Tex.Civ.App., 241 S.W.2d 620.

Gibson and the three commissioners have appealed from the injunction decree and seek a reversal for the following reasons: (1) The exercise of general supervisory control by District Courts over actions of Commissioners' Courts does not permit a mere review of discretion and judgment. (2) The status quo is disrupted by the injunction. (3) The County Treasurer,

County Auditor, County Judge, a Commissioner, the State of Texas, are without powers, statutory or otherwise, to interfere with the actions of a majority of the Commissioners' Court. They assert that the taxpayers have not proved their case. (4) The proper forum to attack the authority of the parties in the lawsuits, is in the courts where the suits are pending, rather than by injunction in another court.

██ The injunction will be dissolved in part. Respondents Burris and others claim that their power to assert this suit in Duval County arises out of the general supervisory control which the District Court of Duval County maintains over the Commissioners' Court of Duval County. That power of review exists "when it is clearly shown that it has been grossly abused; or to interfere and prevent an injury where it appears that the Commissioners' Court had transcended its authority, or was proceeding without authority of law." Bourgeois v. Mills, 60 Tex. 76. This Court in Ham v. Garvey, Tex.Civ.App., 155 S.W.2d 976, 977, refused a mandamus brought by the District Attorney on behalf of Bexar County to set aside an order of the Commissioners' Court, saying:

"If the attack upon the order here presented be considered a direct attack, the evidence is insufficient to support findings which would authorize the district court to set aside the order of the Commissioners' Court. There is no proof of collateral or extrinsic fraud, and 'the revisory power of the district court over the judgments of a commissioners' court can only be called into exercise when it acts beyond its jurisdiction or in a clear abuse of the discretion conferred upon it by statute in the matter of the establishment of public roads.' Schiller v. Duncan, Tex.Civ.App., 21 S.W. 2d 571, 573."

See, also, Bradford v. Moseley, Tex.Com. App., 223 S.W. 171; Hidalgo County v. Johnstone, Tex.Civ.App., 137 S.W.2d 825, 827.

██ With the foregoing as a test, what was proved in the hearing which shows the Commissioners' Court acted wrongfully? The decree recites that the majority of the Commissioners' Court acted without reason, arbitrarily and wrongfully in such a manner as to constitute bad faith in employing Gibson, and that Gibson arbitrarily filed the Webb County suit. The record does not support the recitals. The District-Attorney and Assistant Attorney-General, during June and several times later, informally discussed the matter of filing suits against Parr with the Commissioners' Court. Three members were undecided about joining the District-Attorney's suit, and only one member was willing to join. The three commissioners resigned and County Judge Dan Tobin, on July 26th, appointed their wives in their places. The full court then authorized an investigation. They heard and approved the report and unanimously employed Arthur Klein on August 11. Klein's withdrawal was accepted on August 24. The following evening, the majority of the court met and employed Gibson on the same basis as Klein was originally employed. The County Judge and one commissioner were absent. Gibson did not file the suit, as recited in the decree. Klein filed the suit and Gibson was substituted as attorney. The absence of the minority affords no grounds for supervision by the District Court. A few days before Gibson's employment, the County Judge stated he saw one of the commissioners, his appointee, talking with Parr. He stated that the commissioner "indicated to me that she no longer would take my advice on any future matters," and that she told him "she was going to stick with what she believed in, and if the ship sank that she would sink with it."

The investigation conducted by Klein stated that the funds taken from the Road Bond Fund of 1941 by Parr were secured by bonds and a deed of trust covering a ranch. His recommendation was that suits be instituted to enforce the deed of trust lien and equitable liens upon property ac-

quired by Parr with the road bond funds. These were portions of the report made by Klein, whom the evidence demonstrates was divorced from the local politics of Duval County. The full extent of Duval County's claims and the existence of liens was apparently first reported by Klein in his written report. The action of the majority of the Commissioners' Court was taken pursuant to that report. The record shows that the Commissioners acted after careful investigation and disclosure of all the facts which they fully learned for the first time from the Klein report. The record falls short of proof that the majority of the Commissioners acted without reason, arbitrarily, fraudulently, in bad faith, or with a gross abuse of their powers. District Courts do not review the exercise of judgment by Commissioners' Courts.

■ The injunction must be dissolved for the additional reason that it operates to destroy the status quo rather than to preserve it. Three suits are pending. All are for the purpose of enforcing large claims against Parr. The injunction does more than pass upon the validity of a contract made by Duval County Commissioners' Court. It also, prior to a decision upon the merits, forbids Gibson and Duval County from pleading, presenting arguments to the court, arguing in favor of their authority, or from even avoiding a dismissal of the Webb County suit. It forbids them from presenting either fact or law to the courts where litigation is pending; while it permits others who claim authority, not yet determined upon the merits, to press their own suits and destroy the Webb County suit. The injunction permits one group to destroy the status quo, while the other group is enjoined from voicing reason, fact or law.

The Webb County suit is grounded upon the enforcement of a lien. The other suits do not rely upon a lien. The injunction in effect determines that Duval County should not assert a lien, but should seek only a personal judgment against Parr. There may or may not be a valid lien against the ranch in dispute, but certainly that matter should not be decided by the District Court of Duval County by injunction. It may be that the enforcement of the lien is the most reliable protection to the County. To continue the present injunction will effectively destroy this asset and claim by the County.

The question of authority to bring suit and the forum to determine these matters will be discussed together. The record made on the hearing, and the decree of the court show that the trial court grounded its injunction upon the lack of authority of the majority of the Commissioners' Court to authorize a suit. The state of this record fails to prove that the District Attorney and Assistant Attorney-General have authority, either from the Commissioners' Court or the County Treasurer, under Article 1710, Vernon's Ann.Civ.Stats. The record before us shows that the County Treasurer did not authorize the LaSalle County suit, but is named as a defendant by the attorneys who claim he granted them authority to sue. Assuming, however, what the record does not at this point disclose, that the District Attorney and Attorney-General have authority to control all the suits; the several courts in which the suits are pending can ably decide that matter without an injunctive instruction from a different court. Five days before this injunction suit was filed, the District Attorney filed a plea to intervene in the Webb County suit on behalf of the State and Duval County. He sought to abate the Webb County suit and, so far as this record reveals, that matter is now pending before that court. Moreover, the procedure for determining those legal matters has already been passed upon. The District Court of Webb County enjoined the prosecution of the LaSalle and Jim Wells suits by reason of lack of proper authority on the part of those who brought them. In Sheppard v. Parr, Tex.Civ.App., 287 S.W.2d 204, 207, the Tenth Supreme Judicial District Court recently dissolved that injunction saying:

"The determination of whether appellants had proper authority in the first instance to file the LaSalle and Jim Wells County cases on behalf of Duval County—and if they did not have authority in the first instance, whether

they have such at this time, whether amendments to pleadings and new parties made confer jurisdiction, as well as all other matters affecting the jurisdiction of the LaSalle and Jim Wells County cases, is reposed in the courts of LaSalle and Jim Wells Counties. The presumption prevails that those courts will act properly and decide these issues correctly. If they should not do so the remedy is in appeal to the Court of Civil Appeals.

"A party is not entitled to injunctive relief when he has an adequate remedy at law. Smith v. Ryan, 20 Tex. 661; Story v. Story, 142 Tex. 212, 176 S.W. 2d 925; Wheelis v. Wheelis, Tex.Civ. App., 226 S.W.2d 224."

■ For precisely the same reasons that the District Court of Webb County could not by injunction pass upon the authority of counsel to prosecute suits in LaSalle and Jim Wells Counties, we hold that the Duval County District Court can not by injunction pass upon the authority of counsel to prosecute a suit in Webb County. The authority of counsel should be tried in those proceedings which are under attack.

■ Whether the contract with Gibson is valid or void is a matter that will be decided upon the merits. Enough is accomplished by a temporary injunction if all parties are protected in their rights, until the case may be considered upon a full trial. Under Gibson's contract, he is to receive a sum equal to fifteen per cent of all amounts recovered by him and received by the County. The contract also provides that he will receive "forthwith" as a retainer and for "his out-of-pocket expenses in making and completing his necessary investigation of the facts, procuring and taking statements of witnesses, taking depositions, securing court costs, etc., the sum of $5,000.00." The petition for injunction states that the auditor has made no certificate that such funds are available under the county budget. A taxpayer may enjoin payment of county funds in violation of the budget law. Guer-

ra v. McClellan, Tex.Civ.App., 243 S.W.2d 715.

Appellees urge that the injunction should stand because the contract illegally authorizes the county to pay funds out of the Road Bond Fund, for which reason it is void. J. R. Phillips Inv. Co. v. Road Dist. No. 18, Tex.Civ.App., 172 S.W.2d 707; Adams v. Stephens County, Tex.Civ.App., 41 S.W.2d 989. Unlike the contract in the Phillips case, Gibson's contract does not provide for payment out of Road Bonds, but provides for a "sum *equal to* 15 per centum of all amounts recovered." There is no proof that the County by contract or otherwise plans to pay the fee illegally. In the absence of proof, the presumption is that the Commissioners' Court will legally pay its debts, if and when due, and from a proper fund. The only part of the contract which calls for payments of money "forthwith" is that part which concerns the expenses. To maintain the status quo, a taxpayer may enjoin the payment of those funds. Guerra v. McClellan, Tex.Civ.App., 243 S.W.2d 715.

It does not follow that the entire contract is void, nor that the matter will not wait a final hearing. Without undertaking to pass upon the merits of the case, we invite attention to contingent fee contracts which have been approved, when they are not payable out of an illegal fund and are not yet performed. Being contingent, there is no way to know their amount. Ward v. City of Big Spring, Tex.Civ.App., 161 S.W. 2d 821; Cottle County v. McClintock & Robertson, Tex.Civ.App., 150 S.W.2d 134; McClintock & Robertson v. Cottle County, Tex.Civ.App., 127 S.W.2d 319; Stevenson v. Blake, Tex.Com.App., 131 Tex. 103, 113 S.W.2d 525.

This case indicates that the attorney's fee under the contract is not yet earned and that this series of suits will not be completed until this injunction suit is heard on its merits. To continue the injunction in force, insofar as it restrains the payment of any Duval County funds under the contract, will fully protect all parties in maintaining

the status quo. The injunction is otherwise dissolved.

Injunction dissolved except that it is maintained in force to restrain the payment of any funds under the contract.

NORVELL, Justice (concurring).

The office of a temporary injunction is to maintain the status quo and protect the rights of the respective parties until the suit may be determined upon its merits. The subject matter of this suit is a purported contract between Duval County and Mr. Gordon Gibson. The validity of that contract is attacked by the appellees herein, some of whom are property taxpaying citizens of Duval County. The final judgment in the suit will determine whether the contract is valid or invalid. Meanwhile, a temporary order which restrains the paying out of County funds under the disputed contract will protect the County and its taxpayers until the final disposition of the suit. It is not necessary that Mr. Gibson be restrained from litigating the question of the legality of his contract when that issue is raised in other legal proceedings by plea in abatement or otherwise.

The temporary injunction should be modified as set forth in the opinion of Mr. Justice POPE and I accordingly concur therein.

W. O. MURRAY, Chief Justice (dissenting).

I do not concur in the opinion of the majority. The contract sought to be set aside contained the following provision:

"To pay him (Gordon Gibson, Esq.), forthwith and by way [sic] retainer and to cover his out-of-pocket expenses in making and taking statements of witnesses, taking depositions, securing court costs, etc., the sum of $5,000.00."

This provision violated the budget law, Article 689a–11, Vernon's Ann.Civ.Stats., and the majority so hold. The contract being void in part, the trial court properly issued the temporary writ of injunction to maintain the status quo until there could be a hearing upon the merits.

It is my opinion that this provision of the contract not only violated the budget law, but also Section 7 of Article 11 of the Texas Constitution, Vernon's Ann.St., prohibiting the Commissioners' Court from creating a debt against the county without at the same time levying a tax to create at least a 2% sinking fund. Stevenson v. Blake, 131 Tex. 103, 113 S.W.2d 525.

I think the further agreement to pay the attorney a fee equal to 15% of any and all sums recovered by him is also prohibited by the provisions of Section 7 of Article 11, supra, for if such sum was to be paid out of the funds to be recovered, the agreement was void because the funds were a part of the Road Bond Fund, J. R. Phillips Inv. Co. v. Road Dist. No. 18, Tex.Civ.App., 172 S.W.2d 707, and if it was not to be paid out of such recovery then it was a debt within the meaning of Section 7, Article 11, supra. Stevenson v. Blake, supra.

The contract was void for another reason, it was an attempt to take the control of this litigation out of the hands of the District Attorney and turn it over to a private attorney. Art. 339, Vernon's Ann.Civ.Stats. makes it the duty of the District Attorney to prosecute cases of this nature, and the Commissioners' Court is without power to take from him the right to direct and control this litigation. 34 Tex.Jur. 444, § 69; McAskill v. Terrell, 113 Tex. 500, 259 S.W. 914; Murray v. Harris, Tex.Civ.App., 208 S.W.2d 626; Rawson v. Brownsboro Ind. School Dist., Tex.Civ.App., 263 S.W.2d 578.

If Gordon Gibson, Esq., should be permitted to perform services under this contract, even though on a final hearing it should be declared to be an illegal contract, he might be permitted to recover for his services upon a quantum meruit basis. Sluder v. City of San Antonio, Tex.Com. App., 2 S.W.2d 841.

The temporary injunction in this case did nothing more than preserve the status quo, pending a hearing upon the merits of the case, and in my opinion it was not improvidently issued.