**Harry A. DIAMOND, Appellant,**

v.

**TEXAS INTERNATIONAL SULPHUR COMPANY, Appellee.**

**No. 3664.**

Court of Civil Appeals of Texas.

Eastland.

Sept. 8, 1961.

Clawson, Jennings & Clawson, Houston, for appellant.

Herbert N. Lackshin, Houston, for appellee.

COLLINGS, Justice.

Harry A. Diamond brought suit seeking to have 15,000 shares of stock of the defendant, Texas International Sulphur Company, alleged to be owned by him, transferred to his name on the books of the defendant. Plaintiff also sought a temporary mandatory injunction to require the transfer of the stock to his name pending a final determination of this cause. After hearing, the trial court denied the temporary injunction and plaintiff has appealed.

Appellant's pleadings and the evidence indicate that in July of 1957, appellant Diamond loaned $20,000.00 to one M. A. S. Makris and, thereafter, received as security for the loan what purported to be stock certificates representing 15,000 shares of stock in Texas International Sulphur Company. The certificates were endorsed in blank by Makris, whose name appeared on the certificates as owner. In 1960 Makris advised appellant that he could not repay the loan and, in effect, released to appellant any claim or interest he had in the certificates. Thereafter, in May or June of 1960, appellant requested the transfer agent of Texas International Sulphur Company to transfer such stock certificates to his name on the books of the corporation. He was advised by both the transfer agent and appellee that no transfer would be made because no such stock was of record on appellee's books and was never issued or authorized. Appellant's pleading and evidence indicate that this was the first time that he knew of any claimed infirmity, or defect, in the stock certificates.

The pleading of appellee, Texas International Sulphur Company, included a general denial and special pleadings to the effect that the certificates alleged to be owned by appellant were invalid in that they were never issued or authorized to be issued by appellee; that the certificates were not manually signed by an officer of the defendant corporation as required; that appellee never received any consideration for the purported issuance of such certificates

and that appellant was not a holder in due course.

Appellant's contention in his one point of error is that the trial court erred in refusing his petition for a temporary mandatory injunction requiring appellee to transfer the stock certificates on its books since the status quo, pending a final determination of title, can only be maintained by requiring a stock transfer. The point is overruled.

 Generally, a temporary mandatory injunction will issue only for the purpose of maintaining or restoring the status quo pending a final disposition of a case. Story v. Story, 142 Tex. 212, 176 S.W.2d 925. The status quo to be preserved by a temporary injunction or a temporary mandatory injunction is "the last, actual, peaceable, noncontested status which preceded the pending controversy." Transport Company of Texas v. Robertson Transports Inc., 152 Tex. 551, 261 S.W.2d 549.

The status quo in this case was the status existing before the controversy arose concerning the issuance of the stock. Before this controversy arose the books of Texas International Sulphur Company did not show, nor do they now show, that the stock in controversy has been issued. Appellee denies that such stock was issued or authorized. The trial court properly held that to require appellee to transfer shares represented by the questioned certificate before a determination of their validity would not maintain the status quo. Cornett v. Reynolds, Tex.Civ.App., 289 S.W.2d 660; Parrino v. Dubois, Tex.Civ.App., 220 S.W.2d 305; McKee v. City of Mt. Pleasant, Tex.Civ.App., 328 S.W.2d 224.

The action of the trial court in refusing to grant the temporary mandatory injunction was also proper because there was no showing that the granting of such relief was necessary to prevent extreme hardship, injury and damage to appellant, and that no other adequate means existed to afford him relief. Dallas Independent School District v. Daniel, Tex.Civ.App., 323 S.W.2d 639, (Ref. N.R.E.).

It is also a general rule that the granting or refusal of a temporary injunction is within the sound discretion of the trial court which will not be disturbed on appeal unless an abuse of that discretion is shown. Harris County v. Bassett, Tex. Civ.App., 139 S.W.2d 180, (Writ Ref.), and Cooper v. Milam, Tex.Civ.App., 256 S.W.2d 196. In our opinion no abuse of discretion is shown.

The judgment is affirmed.