**ATWOOD TURNKEY DRILLING, INC., et al, Plaintiffs–Appellees,**

v.

**PETROLEO BRASILEIRO, S.A., Defendant–Appellant,**

v.

**INTERNATIONAL UNDERWATER CONTRACTORS, Defendant–Appellee.**

No. 88–2302.

United States Court of Appeals, Fifth Circuit.

June 27, 1989.

Clerk as an unpublished Appendix E.

Paul S. Aufrichtig, New York City, William H. Seele, James M. Davin, Houston, Tex., for defendant-appellant.

Andrew S. Hanen, John E. Spalding, Houston, Tex., for Atwood.

Craig M. Kaiser, Houston, Tex., for Intern. Underwater.

Before GEE, HIGGINBOTHAM and DUHE, Circuit Judges.

DUHE, Circuit Judge:

In this breach of contract case the national oil company of Brazil, Petroleo Brasileiro, S.A. (Petrobras), seeks interlocutory review of a preliminary injunction granted by the district court. We affirm.

FACTS

Petrobras contracted with an American company, Atwood Turnkey Drilling, Inc., et al, (Atwood), for the drilling of oil wells off the coast of Brazil. As security for the sums due Atwood under the contract, Petrobras furnished Atwood a letter of credit issued by an American bank and guaranteed by the Export Import Bank of the United States (EXIM). Following Petrobras's alleged refusal to pay Atwood for work it had performed, Atwood sued Petrobras for breach of contract. Because the letter of credit and the EXIM guarantee were due to expire by their own terms, Atwood applied for a temporary restraining order and/or a preliminary injunction maintaining them in effect. The district court issued a temporary restraining order extending the letter of credit for a brief period of time. That order subsequently expired. The preliminary injunction hearing

occurred and the district court granted Atwood's motion for a preliminary injunction. The court ordered Petrobras to extend or reinstate the letter of credit and to request EXIM to extend its guarantee. The extensions were to continue for one year from the date of the order or until all issues pertinent to the letter of credit were resolved. Petrobras appealed.

JURISDICTION

■ At the outset we must determine whether we have jurisdiction to hear Petrobras's appeal. 28 U.S.C. § 1292(a)(1), gives this court jurisdiction of appeals from interlocutory orders "granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions, except where a direct review may be had in the Supreme Court." Although the order appealed from in this case specifically grants a preliminary injunction, Atwood contends that this court lacks jurisdiction. It cites *Carson v. American Brands, Inc.,* 450 U.S. 79, 101 S.Ct. 993, 67 L.Ed.2d 59 (1981) for the proposition that appellate courts do not have jurisdiction of appeals from interlocutory orders granting injunctions under § 1292(a)(1) *unless* the litigant can show both that the interlocutory order might have a serious, perhaps irreparable, consequence, and that the order can be effectively challenged only by immediate appeal.

Petrobras contends that the additional requirement in *Carson,* that the order might have a "serious, perhaps irreparable, consequence", does not apply to orders, such as the one in the instant case, which specifically grant injunctive relief but only to orders not denominated injunctions but which have the practical effect of granting injunctive relief.

Petrobras is correct. Atwood's analysis of the *Carson* case is faulty. The orders at issue in *Carson,* and the two cases it relied on, *Gardner v. Westinghouse Broadcasting Co.,* 437 U.S. 478, 98 S.Ct. 2451, 57 L.Ed.2d 364 (1978) and *Switzerland Cheese Ass'n., Inc. v. E. Horne's Market, Inc.,* 385 U.S. 23, 87 S.Ct. 193, 17 L.Ed.2d 23 (1966), were not denominated injunctions, they merely had the practical effect of an injunction. We hold that *Carson* does not apply to orders specifically granting or denying injunctions. Accordingly, we have jurisdiction of Petrobras's appeal under § 1292(a)(1).

SOVEREIGN IMMUNITY

■ Petrobras contends that enjoining it to reinstate the letter of credit is not permissible under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1602, *et seq.* The first question is whether Petrobras is entitled to the benefits of the FSIA. Section 1603 of the FSIA provides that agencies and instrumentalities of a foreign state are considered foreign states, entitled to the benefits of the FSIA, if they are a separate legal person, the majority of their shares are owned by a foreign state; and they are neither a citizen of a state of the United States, nor created under the laws of any third country.

Atwood correctly asserts the lack of evidence in the trial court record that Petrobras is a sovereign. However, Fed.R. Civ.P. 44.1 states that in determining foreign law, the court may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the Federal Rules of Evidence. Petrobras has provided this court with a copy of the Brazilian law creating it. The law provides that Petrobras is a separate legal person and that the government of Brazil owns a majority of Petrobras's shares. Additionally, Petrobras has been recognized as a foreign sovereign entitled to the benefits of the FSIA in other cases in the United States District Courts. *Spensley v. Racal–Decca Survey,* C.A. No. H–81–2489, 1983 AMC 767 (S.D.Tex.1982); *Evans v. Petroleo Brasileiro, S.A.,* C.A. No. H–83–91, 1985 AMC 1614, 1984 WL 1887 (S.D.Tex.1984). We hold that Petrobras is entitled to sovereign immunity under the FSIA.

■ Having determined that Petrobras is entitled to sovereign immunity we turn to Petrobras's contention that the Act prohibits this injunction as a prejudgment attachment. The FSIA sets out the general principle that property of a foreign state in the United States is immune from attach-

ment. 28 U.S.C. § 1609. The exceptions to this general principle are stated in § 1610. Subdivision (d) of that section provides that a foreign sovereign's property in the United States used for commercial purposes *is* subject to prejudgment attachment if:

1) Immunity from attachment prior to judgment has been explicitly waived; and
2) The purpose of the attachment is to secure satisfaction of a judgment that may ultimately be entered against the sovereign.

Atwood contends that Petrobras has waived its immunity to prejudgment attachment. Our review of the record indicates that Atwood is correct. Article IX Paragraph B of the letter of credit states:

> B. *Waiver of sovereign immunity.* The Borrower [Petrobras] acknowledges and agrees that the activities contemplated by the provisions of this agreement and the notes are commercial in nature rather than governmental or public and therefore acknowledges and agrees that it is not entitled to any right of immunity on the grounds of sovereignty or otherwise with respect to such activities or in any legal action or proceeding arising out of or relating to this agreement or the notes. The Borrower ... expressly and irrevocably waives any such right of immunity (including any immunity from the jurisdiction of any court or *from any execution or attachment in aid of execution prior to judgment or otherwise*) or claim thereto which may now or hereafter exist, and agrees not to assert any such right or claim in any such action or proceeding, whether in the United States or otherwise. (emphasis added).

The instant case clearly relates to the letter of credit. Accordingly, the waiver provision applies and Petrobras is precluded from asserting sovereign immunity as a defense in this action. Furthermore, the parties do not dispute that the purpose of the injunction is to secure the payment of a judgment which may be rendered in the litigation. Accordingly, Petrobras's property in the United States used for commercial purposes is subject to prejudgment attachment, whether by means of an injunction or more traditional methods of attachment.

*Adequacy of Notice*

[redacted] Petrobras contends that it was not given a fair opportunity to contest the TRO or the preliminary injunction because the trial court did not give it adequate notice of the hearings. On January 20, 1988, Atwood filed an "Application for TRO and/or Preliminary Injunction". On January 21, 1988 the district court conducted a hearing on the TRO. Petrobras contends it was only given a few hours notice of this hearing and therefore it was unable to marshal any evidence or defense to the motion. The TRO issued on January 28, 1988 and the preliminary injunction hearing was held on February 26, 1988. Petrobras contends that it received less than twenty-four hours notice of this hearing and that, considering its status as a foreign defendant, this was inadequate, unfair and deprived it of its due process rights. Petrobras argues it did not have time to produce a witness or to provide affidavits. It further states that it did not offer any affidavits at the TRO hearing because the trial court informed it that if a TRO issued, Petrobras would be given advance notice of the preliminary injunction hearing so that it could present witnesses and evidence. Petrobras also complains that it was not given advance notice that Atwood was requesting that the EXIM guarantee be extended and only found this out on the morning of the preliminary injunction hearing.

Petrobras points out that Fed.R.Civ.P. 65(a)(1) provides that no preliminary injunction shall issue without notice. Because Rule 65 is silent about when notice must be given and because a motion is the "appropriate" procedure for requesting a preliminary injunction, Petrobras urges us to apply the five-day notice requirement found in Fed.R.Civ.P. 6(d) which states that written motion, other than the one which may be heard *ex parte,* must be served, along with notice of the hearing, not later than

five days before the time set for the hearing.

Petrobras's complaint about lack of notice is unsupportable. It clearly knew there would be a hearing as soon as court congestion allowed. It had more than a month from the time that Atwood filed its application for injunctive relief to obtain affidavits, file documents, and produce witnesses for depositions. The record reveals that at the preliminary injunction hearing the trial court offered Petrobras the opportunity to produce its witnesses at a later date. Petrobras, for whatever reason, chose not to avail itself of this opportunity. Furthermore, despite not knowing the exact date of the hearing prudent counsel would have been aware of the need to meet the issue when it arose.

## PROPRIETY OF INJUNCTION

The final issue is whether the trial court abused its discretion when it issued the preliminary injunction reinstating the letter of credit. The primary justification for granting a preliminary injunction is to preserve the court's ability to render a meaningful decision on the merits. To secure a preliminary injunction, the movant must prove four elements: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction does not issue; (3) that the threatened injury to the movant outweighs any damage the injunction might cause to the opponent; and (4) that the injunction will not disserve the public interest. *Canal Authority v. Callaway*, 489 F.2d 567 (5th Cir.1974).

Petrobras challenges the district court's findings on the first two factors.[1] The trial court adopted the findings and conclusions of the magistrate. The magistrate did not, however, make any findings of fact, she merely stated conclusions of law.[2] In reviewing the district court's reasons for judgment we must uphold its findings of fact unless they are clearly erroneous. The court's conclusions of law, however, are subject to broad review and will be reversed if incorrect. *Enterprise International v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464 (5th Cir. 1985).

The record supports Atwood's potential for success on the merits. It shows (Volume 1, pages 50 to 80) that Atwood did two million dollars worth of work for Petrobras for which it was not paid. The payment dispute centers around whether Petrobras should pay the money directly to Atwood or, as Petrobras contends, to Atwood's creditors who allegedly are trying to collect directly from Petrobras in Brazil. Petrobras also contends that it does not owe the full amount claimed by Atwood because of Atwood's allegedly inadequate performance. Nevertheless, it appears there is a substantial sum of money due Atwood and that is sufficient to show a potential for success on the merits.

The record also supports Atwood's contention that it would be irreparably harmed if the letter of credit expired. It reveals that: 1) Atwood's creditors extended it credit on the basis of the letter of credit; and 2) if Atwood cannot collect under the letter of credit it will be unable to continue its business operations or its lawsuit

---

**1.** Petrobras also argues that the injunction does not preserve the *status quo* since at the time of the injunction hearing the letter of credit had expired. This argument is fallacious. The injunction appropriately preserves the *status quo* at the time the suit was filed and at the time the disagreements between the parties first arose. *Diamond v. Texas International Sulphur Co.*, 354 S.W.2d 595 (Tex.Ct. of Civ.App.1961); *Ferry–Morse Seed Co. v. Food Corn, Inc.*, 729 F.2d 589 (8th Cir.1984). The fact that there was a lengthy delay between the time that the suit was filed and the hearings were actually held was a matter of court congestion over which Atwood had no control.

**2.** The magistrate's report stated: "At the hearing plaintiffs bore their burden of proof to demonstrate that absent this Order they would suffer irreparable injury. In addition, plaintiffs have shown to the Court the likelihood of success with respect to some of their claims. It appears to this Court that the public interest is best served by the entry of this Order. Harm to defendant resulting from this injunction is less than the likely harm to plaintiffs by its refusal by this Court. Consequently, plaintiffs have met their burden under Rule 65 and a preliminary injunction should be entered."

against Petrobras, and will lose most, if not all, of its financing.

Petrobras did not submit any evidence to contradict Atwood's claim that it will be forced into bankruptcy if the letter of credit is not maintained. It merely argues that Atwood will not be irreparably injured if the letter of credit expires because Petrobras has other assets in the United States subject to levy if judgment is rendered in Atwood's favor. It does not, however, offer evidence that these other assets exist. Petrobras's vague references to other property do not defeat Atwood's proof of impending irreprable injury. Petrobras directs our attention to cases holding that a preliminary injunction is an inappropriate remedy where the potential harm to the movant is strictly financial. This is true as a general rule but an exception exists where the potential economic loss is so great as to threaten the existence of the movant's business. See *Wright and Miller*, Federal Practice and Procedure: Civil § 2948, *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 95 S.Ct. 2561, 45 L.Ed.2d 648 (1975). (threat of bankruptcy constitutes irreparable harm); *National Screen Service Corp. v. Poster Exchange, Inc.*, 305 F.2d 647 (5th Cir.1962) (no abuse of discretion where denial of injunctive relief would result in the destruction of movant's business), *John B. Hull, Inc. v. Waterbury Petroleum*, 588 F.2d 24 (2nd Cir.1978), *cert. denied*, 440 U.S. 960, 99 S.Ct. 1502, 59 L.Ed.2d 773 (1979) (possibility of going out of business is irreparable harm); *Tri–State Generation v. Shoshone River Power, Inc.*, 805 F.2d 351 (10th Cir.1986) (threat to trade or business viability is irreparable harm). *Milsen Co. v. Southland Corp.*, 454 F.2d 363 (7th Cir.1971). (Irreparable harm found where, without injunction, movants would lose businesses and their ability to carry on their lawsuit would have been crippled, if not destroyed.)

A judgment for damages, acquired years after Atwood's business has been obliterated would not be a meaningful remedy. The district court did not abuse its discre-

tion by granting Atwood's motion for preliminary injunction.

**AFFIRMED.**