[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S REQUEST FOR INJUNCTIVE RELIEF
The plaintiff seeks damages from the defendant. Verigen, Inc., and various of its officers and directors, hereafter collectively Verigen, for the wrongful termination of CT Page 4822 his employment contract. In conjunction with such employment the defendant Connecticut National Bank (hereafter "CNB"), at the request of Verigen, issued a letter of credit of which the plaintiff was the beneficiary. The letter entitled the plaintiff to draw on it, in the event of a certified default by any director of Verigen, up to the sum of $28,333.33. By its terms, the letter expired November 14, 1990. It served as guarantee for the payment of severance wages which the plaintiff claims pursuant to the alleged employment agreement.
By way of injunctive relief, the plaintiff seeks to enjoin CNB from claiming that the letter of credit is expired until further order of the court. In short, the plaintiff seeks to extend the life of the letter of credit pending the outcome of this case.
By agreement, the parties have submitted the issue of the propriety of injunctive relief on briefs and have formulated two disposition issues for the court as follows:
1. Whether the letter of credit can be altered by staying its expiration?
2. Whether the plaintiff has an adequate remedy at law upon expiration?
CNB argues that under applicable law a letter of credit is a separate contract independent of any underlying contract between the plaintiff beneficiary and issuing bank's customer. Accordingly, absent compliance with its facial terms, the court cannot unilaterally change its terms.
The plaintiff counters with the proposition that the court has the power to extend the life of the letter of credit in order to preserve the court's ability to render a meaningful judgment upon the merits. There is no applicable Connecticut case in point on this precise issue. In support of his argument the plaintiff cites the case of Atwood Turnkey Drilling, Inc. v. Petroleo Brasileiro, S.A. v. International Underwater Contractors, 875 F.2d 1174 (1989).
In light of other deficiencies which the court finds in the plaintiff's position, it need not resolve this issue.
The second issue formulated by the parties centers around the questions of irreparable harm and the adequacy of a remedy at law.
The test for obtaining injunctive relief is well settled: CT Page 4823
 In . . .[their] prayer for equitable relief, the plaintiff[s] . . .[were] claiming the extraordinary remedy of an injunction. This is a power that courts exercise cautiously. A party seeking injunctive relief has the burden of alleging and proving irreparable harm and lack of an adequate remedy at law. The allegations and proof are conditions precedent to the granting of an injunction.
Waterbury Teachers Assn. v. Civil Service Commission, 178 Conn. 573,577 (1979).
There is no proof presented by the plaintiff to substantiate either irreparable harm or the lack of an adequate legal remedy. In his brief the plaintiff contends the loss of the "guarantee" represented by the letter of credit represents a loss of security destroying the status quo leaving him with no adequate legal replacement. Further, the plaintiff argues the absence of such guarantee creates the risk of irreparable harm because there is no assurance the plaintiff can collect in the event he prevails some time in the future.
The flaw in the plaintiff's position is that entitlement to equitable relief requires that those allegations be proved. The plaintiff has not offered any proof to substantiate those claims. Evidence of substantial and irreparable injury is required. Scoville v. Ronalter, 162 Conn. 67,74 (1971).
The plaintiff's reliance upon Atwood, supra, to establish his claims of irreparable harm and inadequate remedy are misplaced. In that case an evidential hearing was held during which the plaintiff presented evidence of irreparable harm. This court cannot and will not grant injunctive relief upon rank speculation as set forth in plaintiff's brief.
Nor has the plaintiff made any showing of Verigen's financial viability or of the absence of assets which the plaintiff could presently pursue to protect his interests.
Accordingly, in light of the foregoing, and upon balancing the equities, the request for injunctive relief is denied.
JOSEPH A. LICARI, Jr., JUDGE CT Page 4824