# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 1999-CA-00100-SCT

*BOARD OF SUPERVISORS OF HARRISON COUNTY, MISSISSIPPI AND HARRISON COUNTY, MISSISSIPPI*

*v.*

*WASTE MANAGEMENT OF MISSISSIPPI, INC.*

| | |
|---|---|
| DATE OF JUDGMENT: | 12/18/1998 |
| TRIAL JUDGE: | HON. JERRY O. TERRY, SR. |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | JOSEPH R. MEADOWS |
| | KAREN J. YOUNG |
| ATTORNEYS FOR APPELLEE: | JOHN C. HENEGAN |
| | JOHN A. CRAWFORD |
| | L. LEE TYNER, JR. |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED - 4/20/2000 |
| MOTION FOR REHEARING FILED: | 5/11/2000 |
| MANDATE ISSUED: | |

### BEFORE PITTMAN AND BANKS, P.JJ., AND MILLS, J.

### BANKS, PRESIDING JUSTICE, FOR THE COURT:

¶1. This case presents the issue whether the holder of a landfill permit for a portion of a parcel of land is entitled to notice and an opportunity to be heard where the county proposes an ordinance, ostensibly in the exercise of its police power, which would restrict use of the balance of the land such that landfill use would not be permitted. We conclude that the exercise of police power in this instance cannot abrogate the protections afforded in our statutory zoning requirements and the due process clauses of the United States Constitution and the Consitution of the State of Mississippi.

## I.

¶2. Pursuant to a solid waste disposal permit issued by the Mississippi Department of Environmental Quality ("DEQ"), the Appellee, Waste Management of Mississippi, Inc. ("Waste Management") owns and operates a landfill referred to as Pecan Grove Sanitary Landfill and Recycling Center ("Pecan Grove"). Pecan Grove is the only landfill in Harrison County and is located in the southern half of Harrison County. Waste Management has operated Pecan Grove since 1987; it accepts waste from Mississippi, Alabama, and Louisiana.

¶3. In 1986, the Mississippi Legislature established the Harrison County Wastewater and Solid Waste Management District ("the District"). Harrison County and the five municipalities with Harrison County joined the District to establish a long-term solution to the county's collection and disposal needs. They formed the Solid Waste Service Contract Between the District and the County ("Service Contract").

¶4. In the Service Contract, the Appellants, the Board of Supervisors of Harrison County, Mississippi and Harrison County, Mississippi (collectively "the County") assigned and delegated to the District: (1) the exclusive right and authority to contract on its behalf (but in the District's name) for collection and disposal of the solid waste within its geographical limits . . . together with (2) all powers necessary and incidental to the accomplishment of the purpose of the contract. The County specifically reserved its police powers. The County also, agreed to comply with the rules and regulation adopted by the District.

¶5. In 1992 the District entered into a disposal contract with Waste Management. It was amended by the 1995 Amended Long Term Host Community Disposal Service Agreement ("Host Agreement"). The Host Agreement provided that Waste Management would dispose of the District's solid waste for 20 years. The members of the District, including the County, are signatories to the Host Agreement.

¶6. Waste Management agreed to use Pecan Grove for the waste disposal and limit its service area to a 150-mile radius of Pecan Grove. The District authorized Waste Management to petition the DEQ for a solid waste disposal permit. Further, the District agreed to cooperate with Waste Management in seeking any expansion necessary to fulfill the Host Agreement.

¶7. Waste Management owns about 1,213 acres at Pecan Grove. Waste Management's current permit allows waste disposals on only about 76 acres. This acreage would only allow Waste Management to service current waste streams until early 2000. The District adopted and filed a Solid Waste Management Plan ("District Solid Waste Plan") with the Mississippi Commission on Environmental Quality ("the Commission"). The Commission approved the District Solid Waste Plan. The District Solid Waste Plan expressly incorporates the Host Agreement by reference.

¶8. On January 26, 1998, the County passed an ordinance which blocked the continued operation and expansion of Pecan Grove. The ordinance allows landfills in the northern half of Harrison County, but it prohibits construction or expansion of landfills in the southern half. Pecan Grove is the only landfill in Harrison County and is located in the southern half of Harrison County.

¶9. Waste Management timely filed a bill of exceptions to the ordinance raising among other issues due process and statutory violation. On appeal the circuit court made the following findings:

> The County admits that Pecan Grove is the only existing landfill affected by the Ordinance restricts Waste Management's use of its land; and that the Ordinance was enacted without any notice or hearing in the matter. The County understandably argues the Ordinance is not zoning, since Harrison County has not authority to enact zoning regulations, having never enacted a comprehensive zoning plan. Even if this were not the case, the Ordinance could nor pass constitutional muster since the County concedes it gave no notice and held no public hearing prior to enacting the Ordinance.
>
> In light of the admitted or undisputed facts that the Ordinance restricts the use of the private property, that it was enacted without notice of hearing, and with a record before it which is devoid of evidence supporting the need for such regulation, this Court cannot agree with the County's argument that the

Ordinance is a legitimate exercise of the government's police power, for to do so would relegate the exercise of the government's awesome power to the whim of political expedience unconstrained by the constitutional guarantees of due process and freedom of contract. The County's enactment of the Ordinance, without any evidentiary basis and without notice or hearing, was arbitrary and capricious and beyond the County's lawful authority . . .

The circuit court held that ordinance was "void and of no effect" based upon the above findings. Aggrieved the County perfected this appeal.

## II.

¶10. The County argues that this case is not heard de novo*;* rather, the circuit court reviews the record made before the Board to determine whether the acts and orders of the Board are reasonable and proper or arbitrary or capricious or beyond the power of the Board. *Tally v. Board of Supervisors*, 323 So.2d 547, 549 (Miss. 1975); *Thornton v. Wayne County Election Comm'n*, 272 So.2d 298, 301 (Miss. 1973).

¶11. Waste Management argues that where no hearing has been held, as was the case here, the Countys findings are not entitled to any deference, and review on appeal is de novo. See *Cook v. Board of Supervisors,* 571 So.2d 932, 934 (Miss. 1990); *see also* *Leigh v. Board of Supervisors,* 525 So.2d 1326, 1328 (Miss. 1988) (where review is on record consisting of pleadings and exhibits and "no oral testimony of witnesses," the manifest error standard does not apply, and review is de novo).

¶12. The correct standard of review is illustrated in *McDerment v. Mississippi Real Estate Comm'n*, 748 So.2d 114 (Miss. 1999). This Court held:

In reviewing an administrative agency's findings of fact the circuit court's and this Court's appellate authorities are limited by the arbitrary and capricious standard of review. Matters of law will be de novo, with great deference afforded an administrative agency's construction of its own rules and regulations and the statutes under which it operates. Therefore, an agency's decision will not be disturbed on appeal absent a finding that it (1) was [not] (sic) supported by substantial evidence, (2) was arbitrary or capricious, (3) was beyond the power of the administrative agency to make, or (4) violated some statutory or constitutional right of the complaining party.

*Id.* at 118 (citations omitted).

¶13. The County concedes: (1) its ordinance restricts the use of land; (2) the ordinance divides the County into two districts: one in which the construction or expansion of landfills is prohibited, and the other in which these same activities are allowed; (3) Pecan Grove is the only operating landfill affected by the ordinance; and (4) the County did not comply with state zoning laws in adopting the land use restriction.

¶14. Further, the County concedes that it failed to satisfy the statutory prerequisites, but it contends that the State zoning laws do not apply because (1) the Ordinance is not an attempt to zone; and (2) the County adopted the Ordinance in the exercise of its police powers. We disagree.

¶15. Miss. Code Ann. § 17-1-7 (Supp. 1999) provides that counties and municipalities have the authority to create zones to "regulate and restrict the erection, construction, reconstruction, alteration, repair or use of buildings, structures or land." The ordinance on its face restricts land use and divides Harrison County into

two districts.

¶16. State zoning laws prescribe the method and procedure for the County to adopt a land-use restriction. Miss. Code Ann. §§ 17-1-1 *et seq.* (1995 & Supp. 1999). These laws require local governments to adopt a comprehensive plan, *id.* § 17-1-9; to create land-use zones within the County, *id.* § 17-1-7; to adopt and announce a procedure by which zoning ordinances are determined, established, enforced, amended, supplemented, or changed, *id.* § 17-1-15; and to hold a public hearing, with at least 15 days published notice, before adoption of a zoning ordinance, *id.* §§ 17-1-15 and 17-1-17.

¶17. Furthermore, the record, clearly reflects the County's intent. One supervisor remarked: "**But the main thing now is, it looks like that we are basically outlawing landfills, but we are not**." To this statement, another supervisor candidly admitted: **"What you are really doing, though, is really zoning landfills, which is what we want to do**." The first supervisor replied: "**Yes, well, since we do not have zoning at our disposal, now we are doing it by Ordinance**." (emphasis added). These statements are fatal to any argument of the County that this was not an attempt to zone.

¶18. A zoning ordinance is valid only if it is rationally related to a legitimate governmental purpose, such as protecting the health, safety or welfare of the County. *See* Miss. Code Ann. § 17-1-9 (1995). Even where a land-use restriction serves a legitimate purpose, such as the exercise of the Countys police powers, the County must still comply with the State law that establishes the process for the adoption of the particular type ordinance at issue. *See Prestage Farms, Inc. v. Board of Supervisors,* 23 F.Supp.2d 663, 667 (N.D. Miss. 1998), *vacated on other grounds*, 205 F.3d 265 (5th Cir. 2000).

¶19. The County's failure to follow the statute, in and of itself, makes the ordinance invalid.

### III.

¶20. For the foregoing reasons, we affirm the judgment of the circuit court.

¶21. **AFFIRMED.**

**PRATHER, C.J., PITTMAN, P.J., McRAE, SMITH, MILLS, WALLER AND COBB, JJ., CONCUR. DIAZ, J., NOT PARTICIPATING.**